## Shutt v. Cumberland Valley R. R. Co., Appellant.

*Negligence—Contributory negligence—When questions for jury—Passenger approaching station.*

When a passenger on a dark night is walking alongside of the main track of a railroad, a usual approach to the station where he is to board his train, and has almost reached the station, which is without any light, when he hears the train back of him and his retreat to the side is prevented by a coal car which by reason of the darkness he had not seen, on a siding he did not know of, and a basket on his arm is struck and he is knocked down and injured, the testimony as to the ringing of the bell and blowing the whistle being conflicting and also as to the speed of the train, although this is admitted to have been greater than was allowed by an ordinance of the borough where the occurrence took place, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury.

Argued April 27, 1892.    Appeal, No. 392, Jan. T., 1892, by defendant, from judgment of C. P. Cumberland Co., on verdict for plaintiff, Samuel M. Shutt.    Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for personal injuries.

At the trial, the evidence for the plaintiff was to the following effect: On Sept. 16, 1890, plaintiff purchased at Bridgeport a round trip ticket to Gettysburgh Junction, and was informed by the agent at Bridgeport that he could return from Gettysburgh Junction at 11.24 P. M. That night, on his way to the train, he walked southward on Louther street across the north siding and main track of the railroad and then turned east and walked toward the station between the main track and the south siding. The night was dark and plaintiff did not see or know of the south siding. He felt his way with an umbrella. Hearing a rumbling he turned and saw the train approaching on the main track at a speed of 30 miles an hour. To get out of the way of the train he tried to move south, but was stopped by a coal car he had not seen on the south siding, a basket on his left arm was struck by the train and he was thrown down and one of his feet so injured that it had to be amputated. Plaintiff's method of approaching the station was one in common use and one which he, being a stranger in the place, had been told to take by a man of whom he inquired. The station proper was about 150 feet from Louther street. In front of the station and running west most of the distance to Louther street, the space between the main track and the south siding was planked over. Plaintiff testified that he was on this planking when he was struck. There were no lights at the station. The station was in the borough of Carlisle, within which the speed of trains was limited by ordinance to 8 miles an hour. The engineer estimated the speed of this train at 15 miles an hour. The testimony as to the ringing of the bell and blowing of the whistle was conflicting.

The court refused to instruct the jury that the plaintiff was guilty of contributory negligence or to give binding instructions to find for defendant; but left to the jury the questions of defendant's negligence and plaintiff's contributory negligence. Verdict for plaintiff in the sum of $5,174.

*Edward B. Watts* and *John Hayes*, with them *M. C. Herman*, for appellant.

*J. W. Wetzel* and *W. Trickett*, with them *C. P. Adams*, for appellee.

PER CURIAM, May 23, 1892:

This was a case for the jury, and we do not find any error in the. manner of its submission. A discussion of the rulings of the court below is unnecessary.

Judgment affirmed.